UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN SMOLOWITZ, on Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IBIS TECHNOLOGY CORP, and MARTIN J. REID,<br><br>Defendants. | CASE NO. 03 cv 12613 RCL |
| FRED DEN, on Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IBIS TECHNOLOGY CORP, and MARTIN J. REID,<br><br>Defendants. | CASE NO. 04 cv 10060 RCL |
| JEFFREY WEINSTEIN, on Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IBIS TECHNOLOGY CORP, and MARTIN J. REID,<br><br>Defendants. | CASE NO. 04 cv 10088 RCL |

[PROPOSED] ORDER APPOINTING CO-LEAD PLAINTIFFS
AND APPROVING CO-LEAD PLAINTIFFS' CHOICES OF COUNSEL

[Additional captions appear on the following page]

| | |
|---|---|
| **GEORGE HARRISON, on Behalf of** <br> **Himself And All Others Similarly Situated,** <br><br> Plaintiff, <br> v. <br><br> **IBIS TECHNOLOGY CORP,** <br> **and MARTIN J. REID,** <br><br> Defendants. | **CASE NO. 04 cv 10286 RCL** |
| **ELEANOR PITZER, on Behalf of** <br> **Herself And All Others Similarly Situated,** <br><br> Plaintiff, <br> v. <br><br> **IBIS TECHNOLOGY CORP,** <br> **and MARTIN J. REID,** <br><br> Defendants. | **CASE NO. 04 cv 10446 RCL** |

Having considered the motions of Martin Smolowitz, George Harrison and Mark G. Forgue for Appointment of Co-Lead Plaintiffs for Consolidation and for Approval of Co-Lead Plaintiffs' Choice of Co-Lead Counsel and Liaison Counsel pursuant to §21D(a)(3)(B)(v) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(ii), and the stipulations and papers filed in support thereof and for good cause shown, the Court hereby enters the following Order.

1. Having considered the provisions of §21D(a)(3)(B) of the Exchange Act as amended by the PSLRA, 15 U.S.C. §78u-4(a)(3)(B), the Court hereby determines that Martin Smolowitz and George Harrison are the "most adequate plaintiffs" and that they

satisfy the requirements of the PSLRA.  The Court hereby appoints Martin Smolowitz, George Harrison and Mark G. Forgue to be Co-Lead Plaintiffs and to represent the interests of the class in these Consolidated Actions.

2. Pursuant to §21D(a)(3)(B)(v) of the Exchange Act as amended by the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v),the Co-Lead Plaintiffs have selected and retained the Law Office Bernard M. Gross, P.C. (the "Gross firm") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as the proposed Co-Lead Counsel and the law firm of Shapiro Haber & Urmy LLP as the proposed Liaison Counsel in the Consolidated Actions.  The Court approves the selection of said counsel as Co-Lead Counsel and Liaison Counsel for the Consolidated Actions.

3. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or, at the direction of Co-Lead Counsel through Liaison Counsel:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e. to coordinate all settlement negotiations with counsel for defendants;

    f. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    g. to coordinate the preparation and filings of all pleadings; and

      h.    to supervise all other matters concerning the prosecution or resolution of the Consolidated Actions.

4.    No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of the Co-Lead Counsel.

5.    Co-Lead Counsel and Liaison Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

6.    Co-Lead Counsel and Liaison Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for all plaintiffs' counsel and shall be the contact between the Court and all plaintiffs and their counsel.

7.    All counsel for any plaintiff in the Consolidated Actions shall submit to Co-Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work.  Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Co-Lead Counsel shall determine.  Any failure to timely submit such reports to Co-Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund, which may be created in the Consolidated Actions.

8.    Defendants shall effect service of papers on plaintiffs by serving copies on Co-Lead Counsel and Liaison Counsel by overnight delivery service, telecopy or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, telecopy or hand delivery.

9. Co-Lead Counsel who is not a member of the Bar of this Court shall be deemed admitted *pro hac vice* to practice before this Court in connection with these Consolidated Actions.

10. Co-Lead Plaintiffs shall file a consolidated amended complaint in this litigation within forty-five (45) says of the date of this Order.

**IT IS SO ORDERED.**

Dated:_____        By:_____
                                       United States District Judge