**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

MARTIN SMOLOWITZ, On Behalf of Himself        )
and All Others Similarly Situated,            )
                                              )
              Plaintiff,                    )
                                              )   **CIVIL ACTION**
   vs.                                        )   **NO. 03-12613 (RCL)**
                                              )
IBIS TECHNOLOGY CORP, and MARTIN J.           )
REID,                                         )
                                              )
              Defendants.                   )
_____  )

(Additional Captions Below)


**MESSRS. SMOLOWITZ, HARRISON, AND FORGUE'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION
TO BE APPOINTED LEAD PLAINTIFFS AND IN RESPONSE TO
DEFENDANTS' LIMITED OPPOSITION TO MOVANTS' AMENDED MOTION
FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFFS, AND
APPROVAL OF LEAD PLAINTIFFS' CHOICE OF COUNSEL**

| | |
|---|---|
| FRED DEN, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IBIS TECHNOLOGY CORP, and MARTIN J. REID, )<br>)<br>Defendants. )<br>) | **CIVIL ACTION<br>NO. 04-10060-(RCL)** |
| JEFFREY WEINSTEIN, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IBIS TECHNOLOGY CORP, and MARTIN J. REID, )<br>)<br>Defendants. )<br>) | **CIVIL ACTION<br>NO. 04-10088-(RCL)** |
| GEORGE HARRISON, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IBIS TECHNOLOGY CORP, and MARTIN J. REID, )<br>)<br>Defendants. )<br>) | **CIVIL ACTION<br>NO. 04-10286-(RCL)** |

| | |
|---|---|
| ELEANOR PITZER, On Behalf of Herself and All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>IBIS TECHNOLOGY CORP, and MARTIN J. REID,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)  **CIVIL ACTION**<br>)  **NO. 04-10446(RCL)**<br>)<br>)<br>)<br>)<br>)<br>) |

## PRELIMINARY STATEMENT

Martin Smolowitz, George Harrison, and Mark G. Forgue ("Proposed Lead Plaintiffs" or "Movants") respectfully submit this reply memorandum in further support of their Amended Motion For Consolidation, Appointment Of Lead Plaintiff And For Approval Of Lead Plaintiffs' Choice Of Counsel (*See* Docket Nos. 7 & 8) ("Movants' Application") and in opposition to Defendants' "Limited Opposition"[1] to Movants' Application (*See* Docket No. 9 ).

## ARGUMENT

Movants' Application demonstrates that they have complied with all of the requirements of Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. Sec. 78u-4(a)(3)(B) (the "PSLRA") and are entitled to be appointed Lead Plaintiffs. In fact, there are no competing motions by any other class member for appointment as lead plaintiff.

Section 21(D)(3)(B)(i) of the Exchange Act directs the Court to appoint "as Lead Plaintiff the **member or members** of the purported plaintiff class the Court determines to be most capable of adequately representing the interests of the class members." In determining

---

[1] Defendants style their motion as "limited" apparently because they do not challenge the approval of Movants' selection of lead and liaison counsel.

1

which members of the class are the most adequate to represent the interests of the class, the PSLRA provides a rebuttable presumption that the most adequate plaintiff(s) is the moving party that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78U-4(a)(3)(B)(iii)(I).  Here, Movants are entitled to the statutory presumption.

Defendants have filed a "limited objection" to Movant's Application on the sole ground that Movants are three individuals.  Defendants argue that three individuals are barred by the PSLRA from being appointed lead plaintiffs.  Defendants, however, lack standing to challenge Movants' Application except on the very limited ground that the notice to the class was not proper, an objection which defendants here do not make.  *Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 60-61 (D. Mass. 1996).[2]  Former Chief Judge Tauro held that when considering whether a defendant possesses standing to challenge a movant to be appointed lead plaintiff, the court should consider the basis of the challenge, not the mere fact a challenge was lodged.  *Id.* F. Supp at 50.  In holding that Congress constructed the PSLRA so that a lead plaintiff could be appointed at an early stage and that the "determination to appoint [lead plaintiffs] must be without prejudice to the possibility of revisiting the issue in considering a motion for class certification," the Court held that a defendant's basis for objection must be grounded on improper notice to the class, "insofar as they are procedural prerequisites for consideration of a motion for lead plaintiff."  *Id.* F. Supp. at 61.  Defendants, however, "may not oppose the motion on grounds relating to the moving parties' satisfaction of the criteria enumerated in Section

---

[2] Numerous other decisions have found that defendants lack standing as well.  In *re Cephalon Sec. Litig.,* [1998 Supp. Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 90,268, at 91,195 (E.D. Pa. 1998); *In re Milestone Scientific Sec. Litig.*, 1983 F.R.D. at 414 n. 14; *D. Hondt v. Digi Int'l, Inc.,* 1997 WL 405668, at *3 n.6 (D. Minn. 1997); *Fischler v. AmSouth Bancorporation,* 1997 WL 118429, at *1 (M.D. Fla. 1997); *Zuckerman v. Foxmeyer Health Corp.,* [1997 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 99,443, at 96,913 (N.D. Tex. 1997);

2

21(D)(a)(3)(B)(iii)(I)."[3]

It would appear that defendants have filed their motion for some unstated tactical purpose because defendants readily admit in their opposition, at page 3, that they have no objection to any one of the three Movants serving individually as Lead Plaintiff in this litigation.[4] Defendants' only objection, then, is that the three Movants joined together to file one motion. And the only stated basis for defendants' objection, when one cuts through all of defendants' rhetoric, is that they would be "prejudiced" and suffer undue hardship if there are three class representatives and defendants choose, at some future time in the litigation, to depose all three persons. Obviously, defendants would prefer to face only one plaintiff.  Unfortunately for defendants, the law, including the PSLRA, does not give the defendants the right to pick and choose who there opponents are at the outset of the litigation.

The stated basis for defendants' "limited opposition," that Movants consist of three class members, lacks any legal foundation.[5]  The PSLRA expressly contemplates the appointment of a group as lead plaintiffs and does not require a pre-existing relationship between its members: "[T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of person. . . ." 15 U.S.C. § 78u-4(a)(3)(B). (Emphasis added).  Not surprisingly, given the express statutory language, the clear weight of authority supports the appointment of small groups as lead plaintiffs without requiring a pre-

---

[3]Defendants recognize this principle because they have reserved their "right" to challenge Movants' adequacy at the class certification stage of the litigation.

[4]Clearly then, as defendants believe the amount of the loss suffered by each of the three individuals is sufficient, defendants can have no objection to the amount of losses suffered by the three Movants taken together.

[5]Because defendants lack standing to raise the objection they have raised,  the Court is not required to address the stated basis for the motion.

3

existing relationship among its members.[6]  While Defendants argue that groups of unrelated investors are not proper lead plaintiffs, their cited cases represent the minority view and, more importantly, are inconsistent with the law of this District.  Typically those cases arise in the context of competing lead plaintiff motions where the court is called upon to chose the most appropriate of the competing movants, a situation not present here.

This issue arose in *Guerra v. Teradyne Inc.,* 01-11789-NG (D. Mass. Aug. 27, 2002) (Dein J), where the Court appointed a group of three investors as lead plaintiffs, rejecting the argument that a group of unrelated investors should not serve as lead plaintiff.  The *Guerra* opinion is attached hereto as Exhibit A.  In reaching its conclusion, the Court reasoned that "Courts in this circuit have read no pre-existing relationship requirement into the PSLRA's lead plaintiff provision."  *Guerra* at 6 (citation omitted).

Numerous cases in this District support the appointment of small groups of investors as lead plaintiffs.  The case of *In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d 39 (D. Mass. 2001) (Saris J) ("*Lernout*") is also instructive.  In *Lernout*, the Court appointed a four-member group of unrelated individuals as lead plaintiffs and approved their choice of three law firms as lead counsel.  The Court explained that while some Courts in other circuits have declined to appoint groups of unrelated members as lead plaintiff, that has not been the case in the First Circuit:

> Other Courts including ones in this circuit, have not read a prior relationship rule into the PSLRA.  *See, e.g., In re Tyco Int'l, Ltd.*

---

[6] *See e.g., In re The First Union Corp., Secs. Litig.*, 2000 U.S. Dist. LEXIS 2267, at *12, 3:99 CV237-MCK (W.D.N.C. Jan. 27, 2000) (appointing three individuals and one institutional investor as lead plaintiffs);  *In re Party City Secs. Litig.,* 189 F.R.D. 91, 114 (D. N.J. 1999) (appointing institutional investor and individual investor as lead plaintiffs);  *In re Nice Sys Ltd. Secs. Lit.,* 188 F.R.D. 206, 220-21 (D. N.J. 1999) (appointing group of five individuals as lead plaintiff); *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1131, 1139 (C.D. Cal. 1999) (appointing group of seven unrelated investors lead plaintiffs).

4

> *Sec. Litig.,* 2000 DNH 182, 2000 U.S. Dist. LEXIS 13390 at *16, MDL No. 00-MD-1335-B (D.N.H. Aug. 17, 2000) (appointing three lead plaintiffs and noting that "while a group comprised of many small shareholders might be unwieldy and lack the proper incentive to serve as an effective lead plaintiff. . . ***a group that consists of a small number of large shareholders should be capable of managing this litigation and providing direction to class counsel.***); *see also In re Carematrix Sec. Litig.,* C.A. No. 99-12318-MLW, slip op. at 17 (D. Mass. 2000) (Wolf, J.) (allowing two parties with no prior relationship to serve as lead plaintiffs because the Court found that "***such relationship is not required and does not preclude their effectiveness as lead plaintiffs.***" [. . .]

138 F. Supp. 2d at 44 (Emphasis added). *See also Nager v. Websecure Inc.,* 1997 U.S. Dist. LEXIS 19601, at *3 (D. Mass. 1997) (O'Toole, J) (appointing a group of ten unrelated class members as lead plaintiff); *Greebel,* 939 F. Supp. at 64 (appointing a group of three as lead plaintiffs).

Moreover, the Securities and Exchange Commission has taken the position that a group of three to five persons may serve as lead plaintiff. In *In re Baan Co. Secs. Litig.,* 186 F.R.D. 214 (D. D.C. 1999), a group of 446 unrelated members sought to have appointed as lead plaintiff a subgroup of 20 members. *Id. at* 215. The Court denied the motion without prejudice because the group was too large under a "rule of reason," and that "in most cases three should be the initial target, with five or six as the upper limit." *Id.* at 217 (citations omitted). This reasoning echoed the views of the Securities and Exchange Commission, which submitted an *amicus curie* brief in the *Baan* action:

> Construing the term 'group of persons' in light of the language and purposes of the Act, a Court generally should only approve a group that is small enough to be capable of effectively managing the litigation and the lawyers. The Commission believes that ***ordinarily this should be no more than three to five persons,*** a number that will facilitate joint decision making and also help to assure that each group member has a sufficiently large stake in the litigation.

*Id.* at 216-217; *citing SEC amicus brief* at 16-17 *(*emphasis added*)* (the SEC brief is attached to

5

the published *Baan* opinion). Accordingly, Movants properly can, and should, be appointed lead plaintiffs in this action.

Defendants' contention that they will suffer economic prejudice if Movants are ultimately proffered as class representatives is not a legally cognizable ground for denying Movants' Application. First, defendants are represented by experienced counsel who are well aware that three potential class representatives is not an inordinate number, and, further, that it is the common practice in securities class actions to have more than one stockholder serve in a representative capacity. Second, there is nothing in the PSLRA or Rule 23 that mandates that the lead plaintiffs need also serve as class representatives. While there may be a certain efficiency to it, it is not the law. *See In Re Oxford Health Plans, Inc.,* 191 F.R.D. 369, 281 (S.D.N.Y. 2000). Therefore, it is not certain that defendants will have to depose three potential class representatives once this case enters the discovery class certification stages.[7] Finally, given that this is a prototypical fraud on the market securities fraud class, plaintiffs will urge defendants to review the controlling authority in this Circuit and consider stipulating to the certification of the class. Given the weight of prevailing authority in favor of certification, this would be both a prudent and efficient means to streamline this litigation and continue costs. Moreover, such a stipulation would not prejudice defendants since the Court always may revisit the certification issue at any time and the defendants may always contest the length of the class period and contours of the class at trial.

---

[7]Defendants also state that they will file a motion to dismiss the complaint and are extremely confident that they will succeed in that motion. If that were to happen, the "economic burden" of which defendants complain will never come to pass. Thus, it would be inappropriate to deny Movants' Application on the speculative ground that defendants may have to incur the costs of defending the action by, inter alia, deposing three people.

6

**CONCLUSION**

Movants respectfully request the Court grant their Application, appoint them lead plaintiffs, confirm their selection of co-lead counsel and liaison counsel, and consolidate the related actions.

Dated: April 13, 2004

SHAPIRO HABER & URMY LLP


**/s/Theodore M. Hess-Mahan**
Theodore Hess-Mahan (BBO#557109)
75 State Street
Boston, MA 02109
Tel: (617) 439-3939
Fax: (617) 439-0134

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Gregory Mark Nespole
270 Madison Avenue
New York, New York 10016

LAW OFFICES BERNARD M. GROSS, P.C.
Robert Frutkin, Esq.
1515 Locust Street, 2nd Floor
Philadelphia, PA 19102

Attorneys for Movants